J-S21039-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ERIC MATTHEW KENNEDY, | : | |
| | : | |
| Appellant | : | No. 1564 WDA 2019 |

Appeal from the PCRA Order Entered September 17, 2019
in the Court of Common Pleas of Somerset County
Criminal Division at No(s):  CP-56-CR-0000308-2011

BEFORE:  LAZARUS, J., DUBOW, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:　　　　　　　　　**FILED JUNE 09, 2020**

Eric Matthew Kennedy ("Kennedy") appeals from the Order dismissing his second Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  **See** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On March 5, 2012, Kennedy entered a negotiated guilty plea to two counts each of rape and rape of a child.[1]  The trial court ordered a pre-sentence investigation report, and directed Kennedy to undergo an evaluation by the Sexual Offenders Assessment Board.  On June 20, 2012, following a hearing, the trial court sentenced Kennedy to an aggregate term of 10 to 40 years in prison, and designated him a sexually violent predator ("SVP") pursuant to Megan's Law.  Kennedy did not file a direct appeal.

---

[1] **See** 18 Pa.C.S.A. §§ 3121(a)(1), 3121(c).

On August 15, 2016, Kennedy, represented by counsel, filed his first PCRA Petition. On August 3, 2018, following a hearing, the PCRA court filed Notice of its intent to dismiss Kennedy's Petition. On August 23, 2018, Kennedy filed a Response. On August 31, 2018, the PCRA court dismissed Kennedy's PCRA Petition.

On November 26, 2018, Kennedy filed the instant, counseled, PCRA Petition, his second. On May 17, 2019, following a hearing, the PCRA court filed Notice of its intent to dismiss Kennedy's second PCRA Petition. On June 6, 2019, Kennedy filed a Response. On September 17, 2019, the PCRA court dismissed Kennedy's Petition. Kennedy filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Kennedy presents the following questions for our review:

1. Whether the [PCRA] court erred in dismissing [Kennedy's] claim for post-conviction relief because [**Commonwealth v. Muniz**, 164 A.2d 1189 (Pa. 2017),[2]] and its progeny confirmed United States and Pennsylvania substantive constitutional rights that cannot be abrogated by any statute[,] including the jurisdictional grounds under the PCRA timeliness exception at 42 Pa.C.S.A. §[ ]9545(b)(1)(iii)?

---

[2] Our Supreme Court in **Muniz** held that the registration requirements established by the Sex Offender Registration and Notification Act ("SORNA") (the successor to Megan's Law) constitute criminal punishment, as opposed to a mere civil penalty, and therefore, their retroactive application violates the *ex post facto* clause of the U.S. Constitution. **See Muniz**, 164 A.3d at 1192.

2. Whether the lower court erred in dismissing [Kennedy's] claim requesting [that] his [SVP] classification be vacated, because the statutory mechanism undertaking the adjudication of the [SVP] status is flawed per the rulings in *Muniz* and [*Commonwealth v. Butler*, 173 A.3d 1212 (Pa. Super. 2017)[3]]?

Brief for Appellant at 3.

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of the record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Under the PCRA, any PCRA petition "shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

_____

[3] Our decision in Butler was recently reversed and remanded by our Supreme Court in *Commonwealth v. Butler*, 2020 WL 1466299, ____ A.3d ____ (Pa. Mar. 26, 2020).

Here, Kennedy's judgment of sentence became final on July 20, 2012, when the time to appeal to this Court expired. *See* Pa.R.A.P. 903(a). Thus, Kennedy had until July 22, 2013,[4] to file a timely PCRA Petition. The instant Petition, which was filed on November 26, 2018, is thus facially untimely. *See* 42 Pa.C.S.A. § 9545(b).

However, Pennsylvania courts may consider an untimely petition if the petitioner can explicitly plead and prove one of three exceptions set forth at 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA Petition invoking one of the exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2). The PCRA petitioner bears the burden of proving the applicability of one of the exceptions. *Commonwealth v. Edmiston*, 65 A.3d 339, 346 (Pa. 2013).

Kennedy purports to invoke the newly-recognized constitutional right exception at 42 Pa.C.S.A. § 9545(b)(1)(iii), alleging that his sentence is illegal as a result of the Pennsylvania Supreme Court's decision in *Muniz*.

However, Kennedy has failed to prove the newly-recognized constitutional right exception. As our Supreme Court has explained, this exception has two requirements:

> First, it provides that the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [the Pennsylvania Supreme Court] after the time provided in

---

[4] July 20, 2013, was a Saturday. Therefore, Kennedy was required to file his Petition by Monday, July 22, 2013. *See* 1 Pa.C.S.A. § 1908.

> this section. Second, it provides that the right "has been held" by "that court" to apply retroactively. **Thus, a petitioner must prove that there is a "new" constitutional right and that the right "has been held" by that court to apply retroactively**. The language "has been held" is in the past tense. These words mean that the action has already occurred, *i.e.*, "that court" has already held the new constitutional right to be retroactive to cases on collateral review. By employing the past tense in writing this provision, the legislature clearly intended that the right was already recognized at the time the petition was filed.

*Commonwealth v. Spotz*, 171 A.3d 675, 679 (Pa. 2017) (citation omitted, emphasis added).

This Court has previously recognized that "*Muniz* created a substantive rule that retroactively applies in the collateral context." *Commonwealth v. Rivera-Figueroa*, 174 A.3d 674, 678 (Pa. Super. 2017). However, because Kennedy's PCRA Petition is facially untimely (unlike the timely filed first petition at issue in *Rivera-Figueroa*), he must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively in order to satisfy Section 9545(b)(1)(iii). *See Commonwealth v. Murphy*, 180 A.3d 402, 405-06 (Pa. Super. 2018) (recognizing that to invoke the timeliness exception at subsection (iii), the petitioner must demonstrate that the Pennsylvania Supreme Court has held that *Muniz* applies retroactively); *accord Commonwealth v. Greco*, 203 A.3d 1120, 1124 (Pa. Super. 2019). To date, the Pennsylvania Supreme Court has not expressly held that *Muniz* applies retroactively.

Consequently, Kennedy cannot rely on *Muniz* to meet that timeliness exception.[5] *See id.*

Because Kennedy has not demonstrated an exception to the PCRA's timeliness requirement, we affirm the Order of the PCRA court.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/9/2020

_____

[5] We note that Kennedy was sentenced under Megan's Law, not SORNA, and there is no indication in the record that SORNA was retroactively applied to Kennedy.